———o———

W. H. LENOX, ADM'R of DAVID LENOX, Appellant, *vs.* E. A. SEAY, ADM'R of M. W. TRASK, Respondent.

1. Judgment affirmed.

*Appeal from Phelps Circuit Court.*

*Bland & Bland,* for Appellant.

*Seay & Williams,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity to set aside a judgment of allowance made in favor of the defendant as administrator of M. W. Trask, deceased, against the estate of David Lenox, deceased, in the Probate Court of Phelps County, and to recover back from the defendant the amounts—say some two thousand dollars—that had been paid to the defendant on said judgment.

The facts of the case are about as follows: One Abraham Eaton was largely indebted to the estate of M. W. Trask. deceased, and in the settlement with the defendant, Seay, administrator of Trask, deceased, in payment of part of his indebtedness, assigned and transferred to Seay, the note in controversy which had been executed by the plaintiff's intestate and Hamilton Lenox and David Wilson to M. W. Trask

dated 27th Aug., 1856, payable on or before the 1st day of February 1857, for $2,800 to bear interest at eight per cent. per annum from the first day of June, 1856.

This note had a credit indorsed of $2,000 paid 4th March, 1857, by a certificate of deposit on Simonds & Lucas for that amount, bearing interest at six per cent. from the 5th February, 1857, to date of certificate. The note having this credit on it, appears to have been assigned to Abraham Eaton by M. W. Trask on the 27th of April, 1860, and Eaton transferred it back to the defendant as administrator of Trask, deceased, on the 15th day of August, 1865, in part payment of his indebtedness to the estate. This note was afterwards placed by the defendant in the hands of Pomeroy & Emory, attorneys at law, for collection, and was presented by Mr. Emory for allowance. Mr. Emory testifies, that Cowen, the then administrator of Lenox, and also Wilson, the surety on the note, seemed to be surprised; and Wilson alleged that the note was paid, but that it was allowed, and that after it had been allowed he may have said to them if they could find out that it had been paid, the allowance would be set aside. Wilson, in his testimony, says this conversation with Emory occurred before the allowance. But whether it occurred before or afterwards, there is nothing in the testimony to show that the attorneys had any authority from their client, Seay, to make any such admissions or declarations.

The only evidence of payment of the note consists in the admissions of Trask which seem to have been made about the time, and after he had transferred his note to Eaton. These admissions were to the effect that his note on Lenox had been settled by the Simonds & Lucas deposit, and by a note on Eaton transferred to him by Lenox.

It appears that there was found among the papers of Trask, deceased, the note on Eaton, of date, January 1860, for $1,276. This was about the amount of the balance then due on the note in controversy. But the note in controversy seems to have been assigned to Abraham Eaton. And there is nothing in the evidence to explain how it got into Eaton's hands

12—VOL. LVII.

—that is, what consideration Eaton paid for it. Eaton and Trask both being dead, this matter is left unexplained. We can only surmise that Eaton, as an accommodation to Lenox, gave him his note to be transferred as a payment to Trask, and as security to himself, took an assignment from Trask of the note in controversy. It is very strange that the note, if absolutely paid off, should have been left in Trask's hands or transferred to Eaton. The evidence, therefore, of payment is very unsatisfactory. Besides, there is no pretense in any of the evidence that defendant had any knowledge of the alleged payments, or was in any manner guilty of the fraud charged in the plaintiff's petition. Therefore, in my view, the judgment upon the facts of the case, which was for the defendant, was for the right party, and we are not at liberty to disturb it.

Judgment affirmed ; all the judges concur.